■ Man Ng, Respondent, v Isaac M. Reid et al., Respondents, and S. D. Clark-Williams et al., Appellants. [686 NYS2d 780] —In an action to recover damages for personal injuries, the defendants S. D. Clark-Williams and Chiffon Hickson separately appeal from an order of the Supreme Court, Queens County (Thomas, J.), dated July 13, 1998, which denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified by deleting the provision thereof denying the motion of the defendant S. D. Clark-Williams for summary judgment and substituting therefor a provision granting that motion, dismissing the complaint and all cross claims insofar as asserted against that defendant, and severing the action against the remaining defendants; as so modified, the order is affirmed, with costs to the defendant S. D. Clark-Williams payable by the plaintiff-respondent.

A rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to explain how the accident occurred (*see, Gambino v City of New York,* 205 AD2d 583). Here, it was undisputed that when the vehicle in front of her stopped abruptly, the defendant S. D. Clark-Williams was able to safely stop her own vehicle without hitting the vehicle in front of her. Thereafter, the Clark-Williams vehicle was hit in the rear by the plaintiff's vehicle. Under these circumstances, the plaintiff failed to raise any triable issues of fact regarding liability on the part of Clark-Williams (*see,* Vehicle and Traffic Law § 1202 [a]; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833). Hence, Clark-Williams was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

The Supreme Court correctly denied summary judgment to the defendant Chiffon Hickson. The parties' varying accounts of the chain collision raised factual issues as to whether there was contact between the vehicles operated by Hickson and Isaac Reid which, in turn, caused Reid to hit the plaintiff's vehicle in the rear. S. Miller, J. P., Santucci, Krausman and Luciano, JJ., concur.