■ LARRY D. RATNER, Plaintiff, v GIOVANNI PETRUSO, Respondent, et al., Defendants, and TYRONE D. HOOPER, Appellant. [711 NYS2d 500] —In an action to recover damages for personal injuries, the defendant Tyrone D. Hooper appeals from an order of the Supreme Court, Queens County (Berke, J.), dated June 29, 1999, which granted the motion of the defendant Giovanni Petruso for summary judgment dismissing the complaint and all cross claims insofar as asserted against that defendant.

Ordered that the appeal from so much of the order as dismissed the complaint insofar as asserted against the defendant Giovanni Petruso, and the cross claims asserted against that defendant other than those asserted by the appellant, is dismissed, as the appellant is not aggrieved thereby (see, Nunez v Travelers Ins. Co., 139 AD2d 712, 713); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that Giovanni Petruso is awarded one bill of costs.

The vehicle of the respondent, Giovanni Petruso, was the second vehicle in an eight-car chain-reaction collision which occurred on the Van Wyck Expressway. Petruso safely stopped his vehicle behind an unidentified automobile which had stopped abruptly in front of him. Thereafter, Petruso's vehicle was struck from behind by the appellant's vehicle, which was then struck in the rear.

Petruso established his entitlement to summary judgment dismissing the appellant's cross claim insofar as asserted against him by submitting evidence to demonstrate that he was not at fault for the happening of the accident (*see, Danza v Longieliere,* 256 AD2d 434; *Bando-Twomey v Richheimer,* 229 AD2d 554; *Gladstone v Hachuel,* 225 AD2d 730). The appellant failed to come forward with any evidence to demonstrate that Petruso negligently operated his vehicle (*see, Ng v Reid,* 259 AD2d 601; *Kassim v City of New York,* 256 AD2d 386). Sullivan, J. P., S. Miller, Florio and McGinity, JJ., concur.