■ CECILIA KATZ et al., Respondents, v MASADA II CAR & LIMO SERVICE, INC., et al., Defendants, JUAN CARLOS ROSAS et al., Respondents, and WEN QIN YOU et al., Appellants. (Action No. 1.) CORRADO GUZMAN, Respondent, v JUAN CARLOS ROSAS, Respondent, WEN QIN YOU et al., Appellants, et al., Defendants. (Action No. 2.) JUAN CARLOS ROSAS, Respondent, et al., Plaintiff, v PING XING XU et al., Appellants. (Action No. 3.) [841 NYS2d 370]—

In three related actions to recover damages for personal injuries, etc., Wen Qin You and Ping Xing Xu, defendants in action Nos. 1, 2, and 3, appeal from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated April 21, 2006, as denied their motion for summary judgment dismissing the complaints and all cross claims insofar as asserted against them in action Nos. 1, 2, and 3.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion for summary judgment dismissing the complaints and all cross claims insofar as asserted against the defendants Wen Qin You and Ping Xing Xu in action Nos. 1, 2, and 3 is granted.

These actions arise out of a chain-reaction collision involving four vehicles. Corrado Guzman, a defendant in action No. 1, alleged that, immediately prior to the collision, he was able to bring his vehicle (hereinafter the Guzman vehicle) to a complete stop behind an unidentified vehicle. Similarly, evidence of record supports the contention of the defendants Wen Qin You and Ping Xing Xu (hereinafter the appellants) that the vehicle operated by Juan Carlos Rosas, a defendant in action Nos. 1 and 2,

came to a complete stop behind the Guzman vehicle. In turn, the vehicle operated by the appellant Ping Xing Xu and owned by the appellant Wen Qin You (hereinafter the appellants' vehicle) had slowed and almost stopped behind the vehicle operated by Rosas (hereinafter the Rosas vehicle) without coming into contact with it, when a fourth vehicle, operated by Oleg Chuyka, a defendant in action Nos. 1 and 2, struck the appellants' vehicle in the rear, propelling it into the rear of the Rosas vehicle, which in turn was propelled into the rear of the Guzman vehicle. The plaintiffs, who were passengers in the vehicle operated by Chuyka, commenced action No. 1 against the appellants, among others. Guzman commenced action No. 2 against the appellants, among others. Rosas, along with another person, commenced action No. 3 against the appellants. Action Nos. 1, 2, and 3 were ordered to be jointly tried. The Supreme Court thereafter denied the appellants' motion for summary judgment dismissing the complaints and all cross claims insofar as asserted against them in action Nos. 1, 2, and 3. We reverse.

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of negligence to provide a non-negligent explanation for the collision" (*Rainford v Sung S. Han*, 18 AD3d 638, 639 [2005]; *see Niyazov v Bradford*, 13 AD3d 501 [2004]; *Russ v Investech Sec.*, 6 AD3d 602 [2004]). Under these circumstances, where a stopping vehicle is rear-ended and propelled into the vehicle in front of it, such facts provide a non-negligent explanation sufficient to relieve the operator of the stopping vehicle from liability (*see Harris v Ryder*, 292 AD2d 499 [2002]; *Campanella v Moore*, 266 AD2d 423 [1999]; *Escobar v Rodriguez*, 243 AD2d 676 [1997]). Thus, the appellants established their entitlement to judgment as a matter of law dismissing the cross claims insofar as asserted against them.

Furthermore, the appellants demonstrated that their conduct was not a proximate cause of the rear-end collision between their vehicle and the vehicle behind it, in which the plaintiffs were passengers (*see Ratner v Petruso*, 274 AD2d 566 [2000]; *Centeno v Goldstein*, 261 AD2d 566 [1999]; *Man Ng v Reid*, 259 AD2d 601 [1999]). In opposition, no triable issue of fact was raised. Accordingly, the Supreme Court should have awarded summary judgment in favor of the appellants dismissing the complaints and all cross claims insofar as asserted against them in action Nos. 1, 2, and 3. Mastro, J.P., Covello, McCarthy and Dickerson, JJ., concur.