■ Lucy M. Ortiz, Respondent, v Mohammad Ali Haidar, Appellant, and Charles O'Connell, Respondent. [892 NYS2d 122]—

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on that operator to provide a non-negligent explanation for the collision (*see Arias v*

*Rosario,* 52 AD3d 551, 552 [2008]; *Smith v Seskin,* 49 AD3d 628 [2008]; *Ahmad v Grimaldi,* 40 AD3d 786, 787 [2007]). Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation (*see Katz v Masada II Car & Limo Serv., Inc.,* 43 AD3d 876, 877 [2007]; *Harris v Ryder,* 292 AD2d 499, 500 [2002]).

Here, the parties were involved in a three-vehicle accident on Fifth Avenue near its intersection with 45th Street in Manhattan. The defendant Mohammad Ali Haidar established his entitlement to judgment as a matter of law by demonstrating that he was able to slow his vehicle in response to the plaintiff's deceleration of her vehicle, but that his vehicle was then propelled forward into the plaintiff's vehicle after his vehicle was struck in the rear by the vehicle of the defendant Charles O'Connell (*see Katz v Masada II Car & Limo Serv., Inc.,* 43 AD3d 876 [2007]; *Harris v Ryder,* 292 AD2d 499 [2002]). In response to this showing, neither O'Connell nor the plaintiff raised a triable issue of fact (*see Sanabria v Paduch,* 61 AD3d 839 [2009]; *Trombetta v Cathone,* 59 AD3d 526 [2009]).

Accordingly, the Supreme Court should have granted Haidar's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Skelos, J.P., Eng, Belen and Austin, JJ., concur.