■ JASON PYO, Appellant, v ALBA M. TRIBINO, Respondent. [34 NYS3d 904]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), dated March 25, 2015, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs,

and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained as a result of a motor vehicle accident. The plaintiff testified at his deposition that he had double-parked his vehicle on 188th Street in Queens, and that he was sitting in his vehicle waiting for a parking space to become available when a vehicle operated by the defendant struck the rear of his vehicle.

The defendant subsequently moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. We reverse.

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Delgado v Bang*, 120 AD3d 608, 609 [2014]; *see Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]).

Here, in support of her motion, the defendant submitted, among other things, her own deposition testimony in which she stated that she was driving at about 30 miles per hour in the northbound lane when an unidentified sports utility vehicle sideswiped her vehicle and drove past her. The defendant further testified that, as a result of the impact with the unidentified vehicle, the vehicle that she was driving was pushed into the rear of the plaintiff's stopped vehicle. Under the circumstances, the defendant's submissions demonstrated a nonnegligent explanation for the collision and were sufficient to establish, prima facie, her entitlement to judgment as a matter of law (*see Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876, 877 [2007]).

However, in opposition to the defendant's prima facie showing, the plaintiff submitted evidence that contradicted the defendant's account of the accident and raised a triable issue of fact as to whether the defendant was negligent in the operation of her vehicle (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The defendant's remaining contention is without merit.

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.