■ PATRICIA WOOLDRIDGE-SOLANO, Plaintiff, v JOSHUA G.A. DICK, Appellant, and VERIZON COMMUNICATIONS, INC., et al., Respondents, et al., Defendant. [39 NYS3d 41]—

In a consolidated action to recover damages for personal injuries, the defendant Joshua G.A. Dick appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated July 1, 2015, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Joshua G.A. Dick for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.

The plaintiff allegedly sustained personal injuries when her vehicle was struck in the rear by a vehicle driven by the defendant Joshua G.A. Dick. Dick's vehicle allegedly was propelled into the plaintiff's vehicle when his vehicle was struck in the rear by a vehicle allegedly owned by the defendants Verizon Communications, Inc., and Verizon Services Corp. (hereinafter together the Verizon defendants) and operated by an unidentified individual.

Dick moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, contending that he was free from all liability. In support of his motion,

Dick submitted a transcript of his deposition testimony, as well as that of the plaintiff.

The plaintiff testified at her deposition that while her vehicle was stopped for a red traffic light, she heard a "bang." About three seconds later, the plaintiff's vehicle was struck in the rear by Dick's vehicle. The plaintiff testified that there was only one impact to her vehicle. Dick testified at his deposition that while his vehicle was fully stopped behind the plaintiff's stopped vehicle, a third vehicle struck his vehicle in the rear, causing his vehicle to move forward and strike the plaintiff's vehicle in the rear. Both Dick and the plaintiff testified that immediately after the accident, there was a white vehicle bearing a Verizon logo stopped behind Dick's vehicle. They both testified that this vehicle left the scene before the police arrived. The plaintiff testified that she spoke to the operator of this third vehicle before it left the scene, and that he asked her whether she was okay.

The plaintiff did not oppose Dick's motion. The Verizon defendants opposed the motion, contending, inter alia, that a triable issue of fact existed as to whether their vehicle was involved in the accident, and submitted evidence to support their claim that none of their vehicles was near the vicinity of the accident site around the time of the accident. The Supreme Court denied the motion. Dick appeals.

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway" (Vehicle and Traffic Law § 1129 [a]; see *Napolitano v Galletta*, 85 AD3d 881, 882 [2011]). Hence, "[a] rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (*Hauser v Adamov*, 74 AD3d 1024, 1025 [2010]; see *Hanakis v DeCarlo*, 98 AD3d 1082, 1084 [2012]). "Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation" (*Ortiz v Haidar*, 68 AD3d 953, 954 [2009]; see *Kuris v El Sol Contr. & Constr. Corp.*, 116 AD3d 675, 676 [2014]; *Strickland v Tirino*, 99 AD3d 888, 890 [2012]; *Hanakis v DeCarlo*, 98 AD3d at 1084; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876, 877 [2007]).

Here, Dick established his prima facie entitlement to judgment as a matter of law by demonstrating that his stopped vehicle was propelled forward into the plaintiff's vehicle after

his vehicle was struck in the rear by a third vehicle, and that he was not at fault in the happening of the accident (*see Strickland v Tirino*, 99 AD3d at 890; *Daramboukas v Samlidis*, 84 AD3d 719 [2011]; *Franco v Breceus*, 70 AD3d 767, 769 [2010]; *Ortiz v Haidar*, 68 AD3d at 954; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d at 877; *see also Pyo v Tribino*, 141 AD3d 639 [2016]). In opposition, the Verizon defendants failed to raise a triable issue of fact as to whether Dick was at fault in the happening of the accident (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Contrary to the Verizon defendants' contention, the issue of whether they owned the third vehicle which struck Dick's vehicle is not relevant to the determination of this motion.

Accordingly, the Supreme Court should have granted Dick's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.