■ GABY RAMOS, Plaintiff, v INTIYAZ M. BAIG et al., Defendants/Third-Party Plaintiffs-Respondents. TIFFANY N. NELSON et al., Third-Party Defendants-Appellants. [43 NYS3d 110]—

In an action to recover damages for personal injuries, the third-party defendants appeal from an order of the Supreme Court, Queens County (Lane, J.), entered October 9, 2014, which denied their motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, and the motion of the third-party defendants for summary judgment dismissing the third-party complaint is granted.

In this three-vehicle motor vehicle accident, a vehicle operated by the plaintiff Gaby Ramos stopped to make a left turn and was struck in the rear by a taxi operated by the defendant third-party plaintiff Intiyaz M. Baig and owned by the defendant/third-party plaintiff Begonia Taxi, Inc., sued herein as Begonig Taxi, Inc. (hereinafter together Begonia). At a certain point, the Ramos vehicle struck the rear of a vehicle operated by the third-party defendant Tiffany N. Nelson and owned by the third-party defendant Carmella Browder. As relevant to this appeal, the Supreme Court denied the third-party defendants' motion for summary judgment dismissing the third-party complaint. We reverse.

In support of their motion, the third-party defendants established, prima facie, that they did not contribute to the happening of the accident and that the Ramos and Begonia vehicles were the proximate causes of the accident (see Orel-

*lana v Maggies Paratransit Corp.*, 138 AD3d 941, 942 [2016]; *Tsang v New York City Tr. Auth.*, 125 AD3d 648 [2015]; *Drakh v Levin*, 123 AD3d 1084, 1085 [2014]). The third-party defendants submitted evidence demonstrating that their vehicle came to a gradual stop at the subject intersection in order to make a left turn and was stopped for at least 10 seconds before it was allegedly struck in the rear by the Ramos vehicle.

In opposition, Begonia failed to raise a triable issue of fact. Begonia's contention that the third-party defendants' vehicle came to a sudden stop was conclusory and insufficient, in and of itself, to provide a nonnegligent explanation for the rear-end collision (*see Bene v Dalessio*, 135 AD3d 679, 680 [2016]; *Gavrilova v Stark*, 129 AD3d 907, 908-909 [2015]). Accordingly, the Supreme Court should have granted the third-party defendants' motion for summary judgment dismissing the third-party complaint. Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.