■ HASAN SHARIF WILLIAMS et al., Appellants, v ALBERT A. SALA et al., Respondents. [59 NYS3d 108]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Saitta, J.), dated March 14, 2016, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

This action arises out of a three-car motor vehicle accident that occurred at an intersection in Queens. The plaintiff Hasan Sharif Williams (hereinafter the plaintiff driver) was operating the lead vehicle, in which the plaintiff Argelis Solis was a passenger. The defendant Albert A. Sala (hereinafter the defendant driver) was operating the middle vehicle, which was owned by the defendant Maria Sala. The last vehicle was operated by Antonio Vitale, who is not a party to this action.

"A rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (*Hauser v Adamov*, 74 AD3d 1024, 1025 [2010]; *see Hanakis v DeCarlo*, 98 AD3d 1082, 1084 [2012]). "Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation" (*Ortiz v Haidar*, 68 AD3d 953, 954 [2009]; *see Kuris v El Sol Contr. & Constr. Corp.*, 116 AD3d 675, 676 [2014]; *Strickland v Tirino*, 99 AD3d 888 [2012]; *Hanakis v*

*DeCarlo*, 98 AD3d at 1084; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876, 877 [2007]).

Here, in support of their motion, the defendants submitted, inter alia, a transcript of the deposition testimony of the plaintiff driver and the defendant driver. The plaintiff driver testified at his deposition that the vehicle that he was operating had been stopped for a red traffic light for about 30 seconds when the defendants' vehicle struck it in the rear. Prior to the accident, the plaintiff driver had observed the defendants' vehicle stop behind his vehicle without touching it. The defendant driver attested that the vehicle that he was operating was stopped four feet behind the plaintiffs' stopped vehicle when it was struck in the rear by Vitale's vehicle. As a result, the defendants' vehicle was propelled forward into the rear of the plaintiffs' vehicle. Under the circumstances, the defendants met their initial burden as the movants by demonstrating, prima facie, that their stopped vehicle was propelled forward into the plaintiffs' vehicle after their vehicle was struck in the rear by a third vehicle, and that the defendant driver was not at fault in the happening of the accident (*see Wooldridge-Solano v Dick*, 143 AD3d 698, 699-700 [2016]; *Strickland v Tirino*, 99 AD3d at 890; *Daramboukas v Samlidis*, 84 AD3d 719 [2011]; *Franco v Breceus*, 70 AD3d 767, 769 [2010]; *Ortiz v Haidar*, 68 AD3d at 954; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d at 877).

In opposition to the motion, the plaintiffs submitted, inter alia, Vitale's affidavit. Vitale's account of the accident differed from the parties' account of the accident, and it raised triable issues of fact as to whether the defendants' vehicle struck the plaintiffs' vehicle before Vitale's vehicle struck the defendants' vehicle and whether the defendant driver was comparatively at fault (*see Cabrera v Shivecharan*, 136 AD3d 960, 961 [2016]; *Polanco-Espinal v City of New York*, 84 AD3d 914, 915 [2011]; *Vavoulis v Adler*, 43 AD3d 1154, 1156 [2007]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.