■ JOSEPH POMERANTSEV, Respondent, v VLADIMIR KODINSKY, Appellant, and LIZETTE FLORES, Respondent. [64 NYS3d 567]—

In an action to recover damages for personal injuries, the defendant Vladimir Kodinsky appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated July 28, 2016, as denied his cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the cross motion of the defendant Vladimir Kodinsky for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.

This action arises from a three-vehicle accident which occurred on the eastbound Staten Island Expressway near its intersection with Clove Road in Richmond County. The plaintiff, who was operating the lead vehicle, commenced this action against the defendant Vladimir Kodinsky, who was operating the middle vehicle, and the defendant Lizette Flores, who was operating the rearmost vehicle. After other motions were made, Kodinsky cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, contending that he was not at fault in the happening of the accident. The Supreme Court, inter alia, denied the cross motion. Kodinsky appeals.

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway" (Vehicle and Traffic Law § 1129 [a]; *see Napolitano v Galletta*, 85 AD3d 881, 882 [2011]). Hence, "[a] rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (*Hauser v Adamov*, 74 AD3d 1024, 1025 [2010]; *see Hanakis v DeCarlo*, 98 AD3d 1082, 1084 [2012]). "Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation" (*Ortiz v Haidar*, 68 AD3d 953, 954 [2009]; *see Wooldridge-Solano v Dick*, 143 AD3d 698, 699 [2016]; *Kuris v El Sol Contr. & Constr. Corp.*, 116 AD3d 675, 676 [2014]; *Strickland v Tirino*, 99 AD3d 888 [2012]; *Hanakis v DeCarlo*, 98 AD3d at 1084; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876, 877 [2007]).

Here, Kodinsky established his entitlement to judgment as a matter of law by demonstrating, prima facie, that his vehicle was slowing down in response to a traffic condition ahead, and

that his vehicle was then propelled forward into the plaintiff's vehicle after his vehicle was struck in the rear by Flores's vehicle (*see Ortiz v Haidar*, 68 AD3d at 954; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d at 877). In response, neither Flores nor the plaintiff raised a triable issue of fact. Contrary to the contention of the plaintiff and Flores, the cross motion was not premature (*see* CPLR 3212 [f]).

Accordingly, the Supreme Court should have granted Kodinsky's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Balkin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.