Skura v Wojtlowski (2018 NY Slip Op 07168)





Skura v Wojtlowski


2018 NY Slip Op 07168


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-10783
 (Index No. 8552/16)

[*1]Cinthia Skura, appellant, 
v
Richard T. Wojtlowski, et al., respondents.


John H. Mulvehill, Saint James, NY, for appellant.
Stewart H. Friedman, New York, NY (David M. Reilly of counsel), for respondents Jean Piedmonte-Lehman and Thomas C. Lehman.
Richard T. Lau (Picciano & Scahill, P.C., Bethpage, NY [Andrea E. Ferrucci], of counsel), for defendants Richard T. Wojtlowski and Richard Wojtlowski.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated September 5, 2017. The order, insofar as appealed from, granted that branch of the cross motion of the defendants Jean Piedmonte-Lehman and Thomas C. Lehman which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents Jean Piedmonte-Lehman and Thomas C. Lehman.
On October 31, 2013, the plaintiff was a passenger in a vehicle operated by the defendant Jean Piedmonte-Lehman and owned by the defendant Thomas C. Lehman (hereinafter together the Lehman defendants). The plaintiff allegedly sustained injuries in a multi-vehicle chain-reaction collision when the Lehman defendants' vehicle, which was stopped or slowly coming to a stop at an intersection due to traffic conditions, was struck in the rear by a vehicle operated by the defendant Richard T. Wojtlowski and owned by the defendant Richard Wojtlowski (hereinafter together the Wojtlowski defendants). As a result of the collision, the Lehman defendants' vehicle was propelled into the vehicle ahead of it. Significantly, on the date of the accident the plaintiff provided the police with a signed and sworn written statement. That statement recited that, immediately before the collision, the plaintiff was "seated and belted into" the Lehman defendants' stopped vehicle when Piedmonte-Lehman looked in the rear view mirror and said "hold on, we are going to be hit." The plaintiff then felt a "violent impact" from the rear and an additional impact when the Lehman defendants' vehicle struck the car in front of it. This account of the accident was completely consistent with the description provided by Piedmonte-Lehman in her own sworn written statement to the police of the same date. On September 2, 2016, nearly three years after the accident, the plaintiff commenced this action to recover for her alleged injuries. The complaint set forth boilerplate allegations of negligence against the Lehman and Wojtlowski defendants in their "ownership, operation, maintenance and/or control of their motor vehicles."
Issue was promptly joined by the Lehman defendants, whose answer was accompanied by various discovery demands. On December 8, 2016, the Lehman defendants received the plaintiffs' bill of particulars. Although most of the 31 generic allegations of negligence against the defendants set forth therein involved the operation of their vehicles, the plaintiff also alleged that the Lehman defendants were negligent "in failing to maintain a proper seatbelt; in failing to maintain a proper shoulder harness; [and] in failing to maintain a proper airbag." However, there is no evidence in the record that the plaintiff ever sought to preserve or inspect the Lehman defendants' vehicle at any time prior to or during this litigation; nor did the preliminary conference order executed by the parties in this action provide for such an inspection.
The preliminary conference was held on December 20, 2016. It is undisputed that the plaintiff delivered various authorizations and more than 1,000 pages of reports and medical records to the Lehman defendants on February 8, 2017. During the ensuing motion practice among the parties, and insofar as relevant to this appeal, the Lehman defendants cross-moved on April 28, 2017, for summary judgment dismissing the complaint insofar as asserted against them, contending that they were not at fault in the happening of the accident because, according to the plaintiff's own account of events, their vehicle was properly stopped when it was struck from behind by the Wojtlowski vehicle. Additionally, Piedmonte-Lehman submitted an affidavit in which she averred that when she looked in her rear view mirror, she saw the Wojtlowski vehicle approaching rapidly and warned the plaintiff to "hold on." Piedmonte-Lehman also stated, as the regular operator of the Lehman defendants' vehicle, "that the vehicle was in excellent mechanical condition at the time of the accident . . . , had a valid and current New York State Inspection and all of it[s] safety features, including the rear brake lights, the seatbelts, and airbags were in full proper functioning condition."
The plaintiff opposed the cross motion, arguing that it was premature and that an issue of fact existed as to whether Piedmonte-Lehman's actions contributed to the accident. In addition, the plaintiff submitted her own affidavit, asserting for the first time, and in contrast to the statement she gave to the police, that "[w]hen I got into the vehicle at the front passenger seat I found the shoulder harness was stretched out and it did not properly restrain me." She also stated that "[w]hen the accident occurred the airbag did not go off," and she surmised that Piedmonte-Lehman knew that "the seatbelt and airbag [were] defective" because she told the plaintiff to "hold on" immediately before the collision.
In reply, counsel for the Lehman defendants argued that the plaintiff's submissions were speculative and insufficient to raise a triable issue of fact in opposition to the Lehman defendants' prima facie showing of their entitlement to summary judgment. Counsel further maintained that the cross motion for summary judgment was not premature, and that no showing had been made that further discovery would yield any relevant evidence of liability on the part of the Lehman defendants. In an order dated September 5, 2017, the Supreme Court, inter alia, granted that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the Lehman defendants. The plaintiff appeals from that portion of the order.
A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the moving vehicle and imposes a duty on that operator to provide a non-negligent explanation for the collision (see Edgerton v City of New York, 160 AD3d 809, 810; Lewis v City of New York, 157 AD3d 879, 879-880; Figueroa v MTLR Corp., 157 AD3d 861, 862). "In chain collision accidents, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was struck from behind by the rear vehicle and propelled into the lead vehicle" (Kuris v El Sol Contr. & Constr. Corp., 116 AD3d 675, 676; see Morales v Amar, 145 AD3d 1000, 1002; Chuk Hwa Shin v Correale, 142 AD3d 518, 519).
Here, the Lehman defendants submitted evidence on their cross motion establishing that their stopped or slowing vehicle was struck in the rear by the Wojtlowski defendants' vehicle, thereby demonstrating the Lehman defendants' prima facie entitlement to judgment as a matter of law by showing that they were not at fault in the happening of the accident (see Pomerantsev v Kodinsky, 156 AD3d 656, 657-658; Wooldridge-Solano v Dick, 143 AD3d 698, 699-700; Chuk Hwa [*2]Shin v Correale, 142 AD3d at 519). The submissions by the Wojtlowski defendants and by the plaintiff in opposition to the cross motion were speculative in nature and failed to raise a triable issue of fact (see generally Kandel v FN; Taxi; Inc., 137 AD3d 980, 982; Conning v Dietrich, 105 AD3d 884, 885).
The plaintiff's speculative assertions that the safety devices in the Lehman defendants' vehicle were defective were insufficient to raise a triable issue of fact. Under the circumstances of this case, the plaintiff's mere statement that a defect existed because the shoulder harness was purportedly loose at the time she first entered the vehicle, an observation that was not included in the sworn statement she gave to the police describing herself as being "belted into" the vehicle at the time of the accident, was conclusory in nature and therefore insufficient to raise an issue as to whether the seatbelt and harness were mechanically defective. Likewise, her conclusory claim that the airbag must have been defective because it did not deploy during the accident, without supporting evidence, did not establish a defect in that device. Furthermore, the plaintiff did not demonstrate that she possessed the requisite expertise to render an opinion as to whether the safety devices were defective (see generally Matott v Ward, 48 NY2d 455, 459; cf. Mack-Cali Realty, L.P. v Everfoam Insulation Sys., Inc., 110 AD3d 680, 681-682). Nor did the plaintiff submit an expert affidavit reaching such a conclusion based on the plaintiff's account of the accident.
Additionally, aside from the lack of evidence of a defect, the plaintiff offered only speculation regarding whether the Lehman defendants had notice or knowledge of any such alleged defects (see generally Amster v Kromer, 150 AD3d 804, 805). Accordingly, the plaintiff's submissions failed to raise a triable issue of fact in opposition to the Lehman defendants' prima facie showing on their cross motion.
Finally, while a party is entitled to a reasonable opportunity to conduct discovery in advance of a summary judgment determination (see Salameh v Yarkovski, 156 AD3d 659, 660; Bernstein v New York City Tr. Auth., 153 AD3d 897, 897-898), " [a] party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant'" (Antonyshyn v Tishman Constr. Corp., 153 AD3d 1308, 1310, quoting MVB Collision, Inc. v Progressive Ins. Co., 129 AD3d 1040, 1041). Here, the plaintiff did not satisfy her burden of demonstrating that the Lehman defendants' cross motion for summary judgment was premature, since "[t]he mere hope or speculation that evidence sufficient to defeat the motion might be uncovered during discovery is an insufficient basis for denying the motion" (CitiMortgage, Inc. v Guillermo, 143 AD3d 852, 854; see Cohen v Lebgutt Realty, LLC, 158 AD3d 740, 741; Chou v Ocean Ambulette Serv., Inc., 131 AD3d 1091, 1093; Seuro-Sosa v Cardona, 112 AD3d 706, 708).
Accordingly, we agree with the Supreme Court's determination granting that branch of the Lehman defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, J.P., DILLON and IANNACCI, JJ., concur.
CONNOLLY, J., dissents, and votes to reverse the order insofar as appealed from, on the law, and deny that branch of the cross motion of the defendants Jean Piedmonte-Lehman and Thomas C. Lehman which was for summary judgment dismissing the complaint insofar as asserted against them, as premature, with leave to renew upon the completion of discovery, with the following memorandum:
In my view, the cross motion of the defendants Jean Piedmonte-Lehman and Thomas C. Lehman for summary judgment was premature, and should have been denied with leave to renew upon the completion of discovery. Accordingly, I respectfully dissent.
The plaintiff allegedly was injured in a motor vehicle accident when the vehicle in which she was a passenger, owned and operated by the defendants Jean Piedmonte-Lehman and [*3]Thomas C. Lehman (hereinafter together the Lehman defendants), was struck in the rear by a vehicle owned and operated by the defendants Richard T. Wojtlowski and Richard Wojtlowski (hereinafter together the Wojtlowski defendants), and propelled forward into a third vehicle.
The plaintiff commenced this action against the Lehman defendants and the Wojtlowski defendants to recover damages for her personal injuries, alleging in her complaint, inter alia, that the Lehman defendants were negligent "in the ownership, operation, maintenance and/or control" of their vehicle (emphasis added). In her bill of particulars, the plaintiff claimed that the Lehman defendants were negligent, inter alia, "in failing to maintain a proper seatbelt; in failing to maintain a proper shoulder harness; [and] in failing to maintain a proper airbag."
Difficulties in scheduling discovery initiated a flurry of motions and cross motions, with the Lehman defendants moving to dismiss the complaint, the plaintiff moving to strike the Lehman defendants' answer, and the Wojtlowski defendants separately moving to dismiss the complaint.
While those motions were pending, the Lehman defendants evidently changed their position as to whether they needed discovery to defend the action, and they cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, arguing that they were not negligent, as the Lehman defendants' vehicle was stopped when it was hit in the rear by the Wojtlowski defendants' vehicle. Further, the Lehman defendants sought to establish that their vehicle was properly maintained. In an affidavit in support, Piedmonte-Lehman averred:
"I was a regular operator of the 2001 Chrysler motor vehicle that I was driving at the time of the accident and can affirmatively state without equivocation that the vehicle was in excellent mechanical condition at the time of the accident. Moreover, the vehicle had a valid and current New York State Inspection and all of it[s] safety features, including the rear brake lights, the seatbelts, and airbags were in full proper functioning condition."
In opposition, the plaintiff argued, inter alia, that the Lehman defendants' cross motion was premature, as depositions had not yet been conducted. Further, the plaintiff submitted an affidavit in which she stated: "When I got into the [Lehman defendants'] vehicle at the front passenger seat I found the shoulder harness was stretched out and it did not properly restrain me."
The Supreme Court, inter alia, granted that branch of the Lehman defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff appeals from that portion of the order.
"A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Brea v Salvatore, 130 AD3d 956, 956; see Malester v Rampil, 118 AD3d 855; see also CPLR 3212[f]). "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Brea v Salvatore, 130 AD3d at 956; see Malester v Rampil, 118 AD3d 855). Here, minimal discovery had taken place and the depositions of the parties had not yet occurred (see CPLR 3212[f]; Takhalov v Rottenberg, 128 AD3d 678, 678; Nicholson v Bader, 83 AD3d 802). Prior to opposing the Lehman defendants' cross motion, the plaintiff should have been afforded the opportunity to depose the Lehman defendants as to whether the seatbelt and airbag were in proper working order, conduct a physical inspection of the subject vehicle, if possible, and obtain disclosure of any maintenance records or prior accident history of the vehicle that might bear on the issue of whether the seatbelt and airbag were properly functioning. Accordingly, in my view, the Lehman defendants' cross motion was premature.
Alternatively, even assuming that the Lehman defendants' cross motion was not premature, the plaintiff's averment that "the shoulder harness was stretched out and it did not properly restrain me" was sufficient to raise a triable issue of fact as to whether the vehicle was [*4]negligently maintained and whether such failure contributed to the plaintiff's injuries (see Vehicle and Traffic Law § 383 [requiring safety belts in all vehicles sold or registered in New York]; DiMauro v Metropolitan Suburban Bus Auth., 105 AD2d 236 [failure to furnish a working seatbelt is negligence as a matter of law]; see also PJI 2:86).
My colleagues in the majority improperly hold the Lehman defendants to a lower standard of proof in meeting their prima facie burden for summary judgment than they place on the plaintiff to raise a triable issue of fact, which is contrary to the well-established principle that a party opposing a motion for summary judgment is entitled to more flexibility in meeting its evidentiary burden than the movant (see Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068; Phillips v Kantor & Co., 31 NY2d 307, 312-313). For instance, although my colleagues in the majority hold that the plaintiff's averments regarding the seatbelt and airbag were conclusory, the plaintiff's averment that the seatbelt "was stretched out and did not properly restrain me," was no more conclusory than Piedmonte-Lehman's averment that "the seatbelts, and airbags were in full proper functioning condition." Similarly, while my colleagues in the majority find the plaintiff's opposition affidavit to be deficient because she did not demonstrate expertise to render an opinion that the vehicle's safety devices were defective, or submit an expert affidavit to that effect, in contradictory fashion, my colleagues in the majority accept Piedmonte-Lehman's lay opinion that the vehicle was in proper working order.
Moreover, I disagree with the determination of my colleagues in the majority that the plaintiff's affidavit was conclusory in light of her sworn statement to the police that she was "belted into" the Lehman defendants' vehicle. The plaintiff's sworn statement to the police was silent as to whether the seatbelt properly functioned during the accident, and it is improper for a court to infer from that silence anything regarding the functionality of the seatbelt. "The court's role on a motion for summary judgment is to determine whether there is a material factual issue to be tried, not to resolve it" (Sommer v Federal Signal Corp., 79 NY2d 540, 554).
Finally, the conclusion of my colleagues in the majority that the plaintiff's opposition papers were deficient only serves to further highlight that the cross motion was premature, as any additional facts regarding the vehicle's safety devices not set forth in the plaintiff's opposition affidavit, if they existed, would have been "exclusively within the knowledge and control of" the Lehman defendants (Nachamie v County of Nassau, 147 AD3d 770, 774; see Blake v City of New York, 148 AD3d 1101, 1107; Baron v Incorporated Vil. of Freeport, 143 AD2d 792, 792-793). Accordingly, in my view, that branch of the Lehman defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them should have been denied with leave to renew upon the completion of discovery.
ENTER:
Aprilanne Agostino
Clerk of the Court