Mihalatos v Barnett (2019 NY Slip Op 06082)





Mihalatos v Barnett


2019 NY Slip Op 06082


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2018-04578
 (Index No. 701220/17)

[*1]Eleni Mihalatos, plaintiff-respondent, 
v
Ophelia Barnett, et al., defendants-respondents, Kimberly Budziak, appellant, et al., defendants.


Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Robert A. Seeman and Brian R. Davey of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Kimberly Budziak appeals from an order of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), entered March 30, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Kimberly Budziak for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.
This action arises from a multiple-vehicle collision, in which the lead vehicle in the chain was operated by the plaintiff, the second vehicle was operated by the defendant Edmond Hakimi, the third vehicle was operated by the defendant Kimberly Budziak, and the fourth, and last, vehicle in the chain was operated by the defendant Ophelia Barnett. The plaintiff commenced this action against, among others, Budziak, to recover damages for personal injuries. Budziak moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, arguing that she was stopped in traffic behind Hakimi's vehicle when her vehicle was struck in the rear by Barnett's vehicle and propelled into Hakimi's vehicle. In an order entered March 30, 2018, the Supreme Court denied the motion, and Budziak appeals.
" A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Jimenez v Ramirez, 171 AD3d 902, 903, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Jimenez v Ramirez, 171 AD3d at 903; see Williams v Sala, 152 AD3d 729). " Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation'" (Williams v Sala, 152 AD3d at 729, quoting Ortiz v Haidar, 68 AD3d 953, 954). Thus, "[i]n a chain collision accident, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind [*2]the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle" (Chuk Hwa Shin v Correale, 142 AD3d 518, 519; see Arellano v Richards, 162 AD3d 967, 967-968).
Here, Budziak established her prima facie entitlement to judgment as a matter of law by demonstrating that she was stopped in traffic behind Hakimi's vehicle when her vehicle was struck in the rear by Barnett's vehicle and propelled into Hakimi's vehicle (see Arellano v Richards, 162 AD3d at 968; Morales v Amar, 145 AD3d 1000, 1002; Chuk Hwa Shin v Correale, 142 AD3d at 519; Franco v Breceus, 70 AD3d 767, 768-769). In opposition, Barnett failed to raise a triable issue of fact based upon her conclusory claim that the accident was caused by Budziak's vehicle coming to a sudden stop (see Ramos v Baig, 145 AD3d 696, 697; Cortese v Pobejimov, 136 AD3d 635, 636; Brothers v Bartling, 130 AD3d 554, 556; Robayo v Aghaabdul, 109 AD3d 892, 893-894).
Accordingly, the Supreme Court should have granted Budziak's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
SCHEINKMAN, P.J., DILLON, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court