Bardizbanian v Bhuiyan (2020 NY Slip Op 01897)





Bardizbanian v Bhuiyan


2020 NY Slip Op 01897


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2018-13246
 (Index No. 701644/17)

[*1]Garabet T. Bardizbanian, et al., plaintiffs-respondents,
v
Mohammed S. Bhuiyan, et al., appellants, Matthew T. Coyne, et al., defendants-respondents.


Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn, NY (Robert D. Grace of counsel), for appellants.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Amy E. Bedell of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Mohammed S. Bhuiyan and Pilot Cab Corp. appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered September 10, 2018. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Mohammed S. Bhuiyan and Pilot Cab Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
On the morning of February 18, 2015, a chain-reaction accident occurred, involving three vehicles. Subsequently, the plaintiff Garabet T. Bardizbanian, the operator of the lead vehicle, and the plaintiff Monika Bardizbanian, the passenger in the lead vehicle, commenced this action against the defendant Mohammed S. Bhuiyan, the operator of the middle vehicle, the defendant Pilot Cab Corp. (hereinafter Pilot Cab), the owner of the middle vehicle, the defendant Matthew T. Coyne, the operator of the rearmost vehicle, and the defendant John Grando, Inc. (hereinafter JG), the owner of the rearmost vehicle. Bhuiyan and Pilot Cab moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that their vehicle was propelled into the plaintiffs' vehicle when it was struck in the rear by the vehicle operated by Coyne. The Supreme Court denied their motion. Bhuiyan and Pilot Cab appeal.
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Jimenez v Ramirez, 171 AD3d 902, 903; see Williams v Sala, 152 AD3d 729). " Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation'" (Williams v Sala, 152 AD3d at 729, quoting Ortiz v Haidar, 68 AD3d 953, 954). Thus, "[i]n a chain collision accident, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle" (Chuk Hwa Shin v Correale, 142 AD3d 518, 519; see Mihalatos v Barnett, 175 AD3d 492, 493; Arellano v Richards, 162 AD3d 967, 967-968).
Here, in support of the motion, Bhuiyan and Pilot Cab submitted, inter alia, Bhuiyan's affidavit which stated that Bhuiyan brought his vehicle to a stop behind other vehicles. While Bhuiyan's vehicle was stopped, it was struck in the rear by a vehicle operated by Coyne. As a result of the impact, Bhuiyan's vehicle was pushed forward into the plaintiffs' vehicle. Under the circumstances, Bhuiyan and Pilot Cab met their initial burden as the movants by demonstrating, prima facie, that Bhuiyan was not at fault in the happening of the accident (see Niosi v Jones, 133 AD3d 578; Fonteboa v Nugget Cab Corp., 123 AD3d 759; Moore v Singh, 108 AD3d 602).
In opposition to the motion, Coyne and JG failed to raise a triable issue of fact as to Bhuiyan's liability (see Katz v Masada II Car & Limo Serv., Inc., 43 AD3d 876, 877). Coyne asserted that as he attempted to bring his vehicle to a stop behind Bhuiyan's vehicle, his vehicle slid because the roadway was wet and slushy and there was a metal plate on the ground. Coyne, however, failed to assert that Bhuiyan had in any way caused the contact between Coyne's vehicle and Bhuiyan's vehicle.
Accordingly, the Supreme Court should have granted the motion of the defendants Bhuiyan and Pilot Cab for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court