D'Avilar v Lu (2020 NY Slip Op 03423)





D'Avilar v Lu


2020 NY Slip Op 03423


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2019-11170
 (Index No. 516514/17)

[*1]Shonette D'Avilar, et al., respondents,
v
Bao H. Lu, et al., appellants.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated July 18, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiffs allegedly were injured when a vehicle operated by the plaintiff Shonette D'Avilar in which the plaintiff Tamara Vassell was a passenger was struck in the rear by a vehicle operated by the defendant Bao H. Lu and owned by the defendant Min Lu. The plaintiffs thereafter commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that their vehicle had safely come to a complete stop and was pushed into the plaintiffs' stopped vehicle after being struck in the rear by an unidentified vehicle that fled the scene. The Supreme Court denied the motion. The defendants appeal. We affirm.
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Jimenez v Ramirez, 171 AD3d 902, 903; see Bardizbanian v Bhuiyan, 181 AD3d 772). " Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation'" (Williams v Sala, 152 AD3d 729, 729, quoting Ortiz v Haidar, 68 AD3d 953, 954). Thus, "[i]n a chain collision accident, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle" (Chuk Hwa Shin v Correale, 142 AD3d 518, 519; see Mihalatos v Barnett, 175 AD3d 492, 493; Arellano v Richards, 162 AD3d 967, 967-968).
Here, the defendants failed to establish, prima facie, that the defendant driver had a nonnegligent explanation for striking the rear of the plaintiffs' vehicle. In support of their motion, the defendants submitted, inter alia, transcripts of the deposition testimony of the plaintiffs and the defendant driver, which failed to eliminate all triable issues of fact as to whether the accident involved two or three vehicles (see Alvarez v Prospect Hosp., 68 NY2d 320; Pyo v Tribino, 141 AD3d 639, 640).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., ROMAN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court