Parker v Johns (2022 NY Slip Op 02009)





Parker v Johns


2022 NY Slip Op 02009


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-09346
 (Index No. 607679/16)

[*1]Clive A. Parker, et al., appellants, 
v
Joseph Johns, et al., respondents, et al., defendants.


Dell & Dean, PLLC, Garden City, NY (Joseph G. Dell of counsel), for appellants.
Martyn & Martyn, Mineola, NY (Angela A. Torres of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered July 23, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Joseph Johns and Lee C. Johns which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Joseph Johns and Lee C. Johns which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
This personal injury action involves a four-car chain-reaction accident that occurred on the Cross Island Parkway. The plaintiff Clive A. Parker was operating the lead vehicle in which the plaintiff Clover Ghany was a passenger. The defendant Joseph Johns was the operator of the second vehicle, owned by the defendant Lee C. Johns, which struck the plaintiffs' vehicle.
Joseph Johns and Lee C. Johns (hereinafter together the defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In support of their motion, the defendants submitted the deposition transcript of Joseph Johns, in which he testified that the vehicle he was operating was stopped behind the lead vehicle of the plaintiffs, which was also stopped. The vehicle Joseph Johns was operating was struck in the rear by a third vehicle, which propelled his vehicle into the lead vehicle. The defendants also submitted the deposition transcript of Parker, whose version of the accident differed from that of Joseph Johns. Specifically, Parker testified that he was operating his vehicle at approximately 50 miles per hour when it was struck in the rear by the vehicle operated by Joseph Johns. The plaintiffs opposed the motion. In an order entered July 23, 2019, the Supreme Court, among other things, granted that branch of the motion. The plaintiffs appeal.
To obtain summary judgment in a negligence action, a defendant must establish that he or she was not at fault in the happening of the subject accident (see Daniel v Ian-Michael, 188 AD3d 1155, 1156). "There can be more than one proximate cause of an accident, and the proponent of a summary judgment motion has the burden of establishing freedom from comparative fault as a matter of law" (Amador v City of New York, 120 AD3d 526, 526-527; see Burnett v Reisenauer, 107 AD3d 656).
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Jimenez v Ramirez, 171 AD3d 902, 903; see Williams v Sala, 152 AD3d 729). "'Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation'" (Williams v Sala, 152 AD3d at 729, quoting Ortiz v Haidar, 68 AD3d 953, 954). Thus, "'[i]n a chain collision accident, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle'" (Bardizbanian v Bhuiyan, 181 AD3d 772, 772-773, quoting Chuk Hwa Shin v Correale, 142 AD3d 518, 519).
Based on the differing accounts of the accident submitted in support of their motion, the defendants failed to establish, prima facie, that Joseph Johns was free from negligence in the happening of the accident (see Pilgram v Vishwanathan, 151 AD3d 769, 771; Pyo v Tribino, 141 AD3d 639, 640). There is a triable issue of fact as to whether the accident was caused, in part, because Joseph Johns followed the lead vehicle more closely than was reasonable and prudent under the circumstances (see Vehicle and Traffic Law § 1129[a]; Inzano v Brucculeri, 257 AD2d 605; Leguen v City of New York, 30 Misc 3d 1235[A], 2011 NY Slip Op 50367[U] [Sup Ct, Queens County]).
Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them should have been denied regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court