Johnson v Zevlakis

2026 NY Slip Op 02255

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Nancy Johnson, appellant,

v

Antonios Zevlakis, defendant, Bourema Tamboura, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-12548, (Index No. 701581/19)

Betsy Barros, J.P.

Paul Wooten

Janice A. Taylor

James P. Mccormack, JJ.

Parker Waichman LLP, Port Washington, NY (Gerard Ryan of counsel), for appellant.

Nancy L. Isserlis (The Zweig Law Firm P.C., Cedarhurst, NY [Jonah S. Zweig], of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered May 29, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendant Bourema Tamboura which was for summary judgment dismissing the complaint insofar as asserted against him.

ORDERED that the order is affirmed insofar as appealed from, with costs.

On May 23, 2017, the plaintiff allegedly was injured while crossing a street within a crosswalk in Queens, with a traffic signal in her favor, when she was struck by a vehicle operated by the defendant Bourema Tamboura after Tamboura's vehicle was struck in the rear by a vehicle operated by the defendant Antonios Zevlakis. In January 2019, the plaintiff commenced this action against Tamboura and Zevlakis to recover damages for personal injuries. Thereafter, Tamboura moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. In an order entered May 29, 2024, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.

"A defendant who moves for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the accident" (Almonte v First Student, Inc., 240 AD3d 838, 838). Here, Tamboura established, prima facie, that his vehicle was stopped for a red traffic signal when it was struck in the rear by Zevlakis's vehicle, propelling Tamboura's vehicle into the plaintiff (see Beltre v Menegos, 231 AD3d 1106, 1108; Martinez v Kuhl, 165 AD3d 774, 775). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Tamboura was at fault in the happening of the accident (see Wooldridge-Solano v Dick, 143 AD3d 698, 700).

Furthermore, contrary to the plaintiff's contention, Tamboura's motion was not premature, as the plaintiff failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence or that facts essential to opposing Tamboura's motion were exclusively within the knowledge and control of Tamboura (see Berliner v Scherzer, 240 AD3d 848, 850; Martinez v Kuhl, [*2]165 AD3d at 775). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Berliner v Scherzer, 240 AD3d at 850 [internal quotation marks omitted]).

In light of our determination, we need not reach Tamboura's remaining contention.

Accordingly, the Supreme Court properly granted that branch of Tamboura's motion which was for summary judgment dismissing the complaint insofar as asserted against him.

BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court