■ ROSE LEUNG, Respondent, v MICHAEL BOLTON, Appellant, and SANDRA A. VITTHUHN et al., Respondents, et al., Defendants. [942 NYS2d 905]—

In an action to recover damages for personal injuries, the defendant Michael Bolton appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated November 19, 2010, as denied his cross motion, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On June 27, 2009, the plaintiff allegedly was injured in a chain-reaction collision involving five motor vehicles on the Belt Parkway in Queens County. The plaintiff was a passenger in a vehicle which was owned and operated by the defendant Michael Bolton. She commenced this action against the owners or operators of all of the vehicles. Bolton cross-moved, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. In the order appealed from, the Supreme Court, inter alia, denied his cross motion.

Bolton failed to establish his prima facie entitlement to judgment as a matter of law, because the evidence he submitted in

support of his cross motion demonstrated the existence of a triable issue of fact as to whether he was negligent in the operation of his vehicle (*see Magloire v Sitner*, 91 AD3d 919, 919-920 [2012]). Under the circumstances of this case, the conflicting deposition testimony submitted in support of the cross motion demonstrated the existence of a triable issue of fact as to whether, before the collision, Bolton failed to leave a reasonably safe distance between his vehicle and the vehicle in front of him (*see Napolitano v Galletta*, 85 AD3d 881, 882 [2011]; *Malak v Wynder*, 56 AD3d 622, 623-624 [2008]). Accordingly, Bolton's cross motion was properly denied, without regard to the sufficiency of the papers submitted in opposition (*see Magloire v Sitner*, 91 AD3d at 919-920; *Checo v 452-53rd St. Realty Corp.*, 78 AD3d 880, 881 [2010]; *Sarafolean v Accomplice N.Y.*, 74 AD3d 1310, 1311 [2010]). Mastro, A.P.J., Balkin, Sgroi and Cohen, JJ., concur.