■ GARY DENEZZO, Respondent, v REGINALD JOSEPH et al., Appellants. (Action No. 1.) REGINALD JOSEPH, Appellant, v GARY DENEZZO et al., Respondents. (Action No. 2.) [944 NYS2d 299]—

In related actions to recover damages for personal injuries, which were joined for trial, Reginald Joseph, a defendant in action No. 1 and the plaintiff in action No. 2, and John Jacob, a defendant in action No. 1, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated August 23, 2011, as, upon reargument, vacated its original determination in an order dated February 28, 2011, granting their motion for summary judgment dismissing the complaint in action No. 1, and thereupon denied that motion.

Ordered that the order dated August 23, 2011, is affirmed insofar as appealed from, with costs.

Gary Denezzo, the plaintiff in action No. 1, allegedly was injured when the front of his car collided with the rear of a car driven by Reginald Joseph, and owned by John Jacob, the defendants in action No. 1 (hereinafter together the defendants). The defendants moved for summary judgment dismissing the complaint in action No. 1. Upon reargument, the Supreme Court vacated its original determination granting the defendants' motion for summary judgment, and instead denied that motion.

"When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle" (*Martinez v Martinez*, 93 AD3d 767, 768 [2012]; *see Balducci v Velasquez*, 92 AD3d 626 [2012]). Therefore, "a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Martinez v Martinez*, 93 AD3d at 768; *see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Giangrasso v Callahan*, 87 AD3d 521 [2011]).

Here, in support of their motion, the defendants relied upon Joseph's deposition testimony that he was driving, with his hazard lights illuminated, at the rate of 25 to 30 miles per hour in

the right westbound lane of the Grand Central Parkway behind a coworker who was losing air from his tires, when Denezzo's vehicle collided with the rear of Joseph's vehicle. However, the defendants also submitted a transcript of Denezzo's deposition testimony, in which Denezzo averred that he was driving within the speed limit on the parkway when the vehicle in front of him suddenly swerved to avoid Joseph's vehicle, which was stopped on the parkway without its hazard lights illuminated. According to Denezzo, he could not stop in time to avoid the collision. In light of Denezzo's deposition testimony submitted in support of the motion, the defendants failed to eliminate all triable issues of fact as to Joseph's alleged negligence (*see Tutrani v County of Suffolk*, 10 NY3d at 908; *Vargas v Luxury Family Corp.*, 77 AD3d 820 [2010]). Accordingly, upon reargument, the Supreme Court properly vacated its original determination granting the defendants' motion for summary judgment dismissing the complaint in action No. 1, and thereupon denied that motion. Skelos, J.P., Florio, Belen and Sgroi, JJ., concur.