In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated May 9, 2011, as granted that branch of the motion of the defendants Omar Hussain, Tanveer Hussain, and Ruvina Hussain which was for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Omar Hussain, Tanveer Hussain, and Ruvina Hussain which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
In support of that branch of the motion of the defendants Omar Hussain, Tanveer Hussain, and Ruvina Hussain (hereinafter collectively the respondents) which was for summary judgment dismissing the complaint insofar as asserted against them, the respondents relied on excerpts of the transcripts of the depositions, among others, the plaintiff and Omar Hussain, which contained conflicting testimony as to the facts surrounding the accident, including whether Omar Hussain violated Vehicle and Traffic Law §§ 1141 and 1163, and, if so, whether those violations were a proximate cause of the plaintiffs accident and alleged injuries. Thus, the respondents failed to establish their prima facie entitlement to judgment as a matter of law, and we need not examine the sufficiency of the plaintiff’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 *1276 [1985]). Accordingly, the Supreme Court should have denied that branch of the respondents’ motion which was for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.E, Florio, Roman and Miller, JJ., concur.