■ DAVID STRICKLAND, an Infant, by His Mother and Natural Guardian, DEBORAH BANKS HARRIGAN, Respondent, and DEBORAH BANKS HARRIGAN, Respondent-Appellant, v PATRICK TIRINO, JR., Respondent, SCOTT A. DITZEL, Appellant-Respondent, and ANDY JANG et al., Respondents-Appellants. [952 NYS2d 599]—

On October 26, 2006, while traveling eastbound on the Southern State Parkway, approximately three miles east of Exit 25S, in the left lane, a vehicle driven by the defendant Patrick Tirino, Jr. struck the rear of a stopped vehicle operated by the defendant Scott A. Ditzel. In turn, Ditzel's vehicle was propelled into the rear of a stopped vehicle owned by the defendant Andy Jang and operated by the defendant Kwon O. Jang. The Jangs' vehicle was then propelled into the rear of a vehicle operated by the plaintiff Deborah Banks Harrigan (hereinafter the moving plaintiff), in which the infant plaintiff David Strickland was a passenger.

"When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle" (*Martinez v Martinez*, 93 AD3d 767, 768 [2012]; *see Denezzo v Joseph*, 95 AD3d 1060, 1060 [2012]; *Balducci v Velasquez*, 92 AD3d 626, 628 [2012]). Therefore, "a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Martinez v Martinez*, 93 AD3d at

768; *see Denezzo v Joseph*, 95 AD3d at 1060; *Giangrasso v Callahan*, 87 AD3d 521, 522 [2011]). "Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation" (*Ortiz v Haidar*, 68 AD3d 953, 954 [2009]; *see Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876, 877 [2007]; *Harris v Ryder*, 292 AD2d 499, 500 [2002]; *see also Chamberlin v Suffolk County Labor Dept.*, 221 AD2d 580, 580-581 [1995]).

The deposition testimony of the parties demonstrated that Kwon O. Jang came to a full stop behind the plaintiffs' vehicle, and that Ditzel's vehicle, which was following the Jangs' vehicle, also came to a full stop before it was struck by Tirino's vehicle and propelled into the Jangs' vehicle. Upon being propelled by the impact with Ditzel's vehicle, the Jangs' vehicle struck the plaintiffs' vehicle in the rear. The moving plaintiff established through the parties' deposition testimony, which she submitted in support of her motion, that her actions were not a proximate cause of the accident (*see Denezzo v Joseph*, 95 AD3d at 1060; *Martinez v Martinez*, 93 AD3d at 768). In opposition to the motion of the moving plaintiff for summary judgment dismissing the counterclaims interposed against her, no triable issue of fact was raised. Contrary to Tirino's contention, the mere fact that the plaintiffs' vehicle may have been in motion when the Jangs' vehicle was propelled into it did not raise a triable issue of fact as to whether there was a nonnegligent reason for his colliding with the rear of Ditzel's vehicle, thereby setting into motion a chain of events which resulted in the plaintiffs' vehicle being struck in the rear (*see Inzano v Brucculeri*, 257 AD2d 605, 605 [1999]).

Similarly, the Jangs and Dietzel demonstrated that their conduct was not a proximate cause of the collision, thereby establishing their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against each of them (*see Ortiz v Haidar*, 68 AD3d at 953; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d at 877; *Ner v Celis*, 245 AD2d 278, 278 [1997]; *Chamberlin v Suffolk County Labor Dept.*, 221 AD2d at 580). No triable issue of fact was raised in opposition to their respective motions.

Accordingly, the Supreme Court should have granted the moving plaintiff's motion for summary judgment dismissing the counterclaims against her by Ditzel and Tirino, the Jangs' cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and Ditzel's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.