In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Adler, J.), dated October 30, 2012, which denied their motion for summary judgment on the issue of liability.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs’ motion for summary judgment on the issue of liability is granted.
On March 14, 2011, the injured plaintiff, Mubashir A. Sayyed, the owner and operator of a 2007 Lincoln Town Car, was stopped in the left lane on the Kosciuszko Bridge when his vehicle was struck in the rear by a 2005 Chevy Cobalt owned and operated by the defendant, Padraic J. Murray. The injured plaintiff, and his wife suing derivatively, commenced this action against the defendant. After the defendant was deposed, the plaintiffs moved for summary judgment on the issue of liability. The Supreme Court denied the motion.
When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle (see Strickland v Tirino, 99 AD3d 888, 889 [2012]; Scheker v Brown, 85 AD3d 1007 [2011]). Thus, a rear-end collision with a stopped vehicle creates a prima facie case of liability with respect to the operator of the rearmost vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (see Abbott v Picture Cars E., Inc., 78 AD3d 869 [2010]; Gaeta v Carter, 6 AD3d 576 [2004] ). The operator of the moving vehicle is required to rebut the inference of negligence created by an unexplained rear-end collision because he or she is in the best position to explain whether the collision was due to, inter alia, a mechanical failure, an unavoidable skidding on a wet pavement, or some other reasonable cause (see Leal v Wolff, 224 AD2d 392, 393 [1996]).
Here, the plaintiffs satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law on the issue of liability, as it is undisputed that the injured plaintiff’s vehicle was stopped when it was struck in the rear by the defendant’s vehicle (see Briceno v Milbry, 16 AD3d 448 [2005] ). In opposition, the defendant failed to raise a triable is *465 sue of fact. Although the defendant alleges that the injured plaintiffs vehicle stopped short in an attempt to avoid hitting the vehicle immediately preceding it, he admitted at his deposition that the injured plaintiffs vehicle was completely stopped when he first saw it, and that his vehicle struck the injured plaintiffs vehicle in the rear three or four seconds later. Under these circumstances, the allegation that the injured plaintiffs vehicle stopped short was insufficient to raise a triable issue of fact as to whether there was a nonnegligent explanation for the collision (see De La Cruz v Ock Wee Leong, 16 AD3d 199, 200 [2005]; Shamah v Richmond County Ambulance Serv., 279 AD2d 564, 565 [2001]; Bournazos v Malfitano, 275 AD2d 437, 438 [2000]; Ner v Celis, 245 AD2d 278, 279 [1997]). Further, the defendant’s claim that he applied his brakes but was unable to stop because his vehicle skidded on the metal grating on the roadway of the Kosciuszko Bridge was insufficient to rebut the inference of negligence arising from the rear-end collision because he failed to demonstrate that his skid on known road conditions was unavoidable (see Grimm v Bailey, 105 AD3d 703, 704 [2013]; Plummer v Nourddine, 82 AD3d 1069, 1070 [2011]; Faul v Reilly, 29 AJD3d 626 [2006]).
The defendant’s remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the plaintiffs’ motion for summary judgment on the issue of liability. Dillon, J.E, Chambers, Hall and Hinds-Radix, JJ., concur.