■ EMMANUEL MARCELLIN, Respondent, v JOSEPH F. PASSARO, Appellant. [987 NYS2d 181]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated November 21, 2013, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

This action arises from a three-vehicle, chain-collision accident that occurred on the Southern State Parkway. The first vehicle involved in the accident was driven by Dina Schutz, who is not a party to this action. The plaintiff was the driver of the second vehicle, and the defendant was the driver of the third vehicle. At his deposition, the plaintiff testified that he was slowing down prior to the collision because Schutz was braking. As the plaintiff described it, as he was slowing down, the defendant's vehicle hit the plaintiff's vehicle in the rear, propelling it into the Schutz vehicle. In contrast, the defendant testified at his deposition that the Schutz vehicle came to a complete stop, and that the plaintiff's vehicle struck the Schutz vehicle before his vehicle struck the plaintiff's vehicle. In the order appealed from, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability.

When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (see Williams v Spencer-Hall, 113 AD3d 759 [2014]; Sayyed v Murray, 109 AD3d 464 [2013]; Taing v Drewery, 100 AD3d 740, 741 [2012]; Strickland v Tirino, 99 AD3d 888, 889 [2012]). Thus, " 'a rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision' " (Volpe v Limoncelli, 74 AD3d 795 [2010], quoting Klopchin v Masri, 45 AD3d 737, 737 [2007]; see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]; Kuris v

*El Sol Contr. & Constr. Corp.*, 116 AD3d 675 [2014]; *Strickland v Tirino*, 99 AD3d at 889). "In chain collision accidents, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was struck from behind by the rear vehicle and propelled into the lead vehicle" (*Kuris v El Sol Contr. & Constr. Corp.*, 116 AD3d at 676; *see Strickland v Tirino*, 99 AD3d at 889).

Here, the plaintiff failed to make a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability. Although the plaintiff's deposition testimony indicated that his vehicle was struck in the rear and propelled into the Schutz vehicle, his submissions also included a transcript of the defendant's deposition testimony, which set forth a conflicting account of how the accident occurred. The conflicting deposition testimony of the parties presented a triable issue of fact as to whether the plaintiff contributed to the accident by failing to leave a reasonably safe distance between his vehicle and the Schutz vehicle (*see Leung v Bolton*, 95 AD3d 836, 837 [2012]; *Napolitano v Galletta*, 85 AD3d 881 [2011]; *Malak v Wynder*, 56 AD3d 622, 623 [2008]).

Since the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability, the Supreme Court should have denied his motion, without regard to the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Eng, P.J., Rivera, Roman and LaSalle, JJ., concur.