■ CAROL ANNE BONAVENTURA, Appellant, v MEAGHAN E. GALPIN, Respondent. [988 NYS2d 886]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated September 19, 2011, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

Summary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it "should only be employed when there is no doubt as to the absence of triable issues" (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). The function of the court on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility, but merely to determine whether such issues exist (*see Guadalupe v New York City Tr. Auth.*, 91 AD3d 716 [2012]; *Kolivas v Kirchoff*, 14 AD3d 493 [2005]). Moreover, in determining a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmoving party (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]).

Here, in moving for summary judgment, the defendant submitted, inter alia, her affidavit and the deposition testimony of the plaintiff, which presented conflicting accounts as to how and why the subject accident occurred. The defendant failed to establish, prima facie, that she was not negligent in the operation of her vehicle (*see generally Gagliardo v Orton*, 95 AD3d 1275 [2012]; *Steiner v Dincesen*, 95 AD3d 877 [2012]; *Leung v Bolton*, 95 AD3d 836 [2012]). In light of the defendant's failure to meet her prima facie burden, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Lott, Sgroi and Cohen, JJ., concur.