■ ANDREY DRAKH, Appellant, v BORIS LEVIN et al., Defendants, and ERIC DAVID CACCIAMANI et al., Respondents. [1 NYS3d 202]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated June 18, 2013, which denied his motion for summary judgment on the issue of liability insofar as asserted against the defendants Eric David Cacciamani and Irene K. Cacciamani.

Ordered that the order is affirmed, without costs or disbursements.

This case arises from a three-vehicle, chain reaction accident. The plaintiff, who was operating the lead vehicle, commenced this action against the defendant Boris Levin, the owner of the middle vehicle, the defendant Julia Levin, the operator of the middle vehicle, the defendant Eric David Cacciamani, the operator of the rear-most vehicle, and the defendant Irene K. Cacciamani, the owner of the rear-most vehicle. The plaintiff moved for summary judgment on the issue of liability insofar as asserted against Eric David Cacciamani and Irene K. Cacciamani (hereinafter together the Cacciamanis), contending that his vehicle was slowing down for a red traffic light when it was struck in the rear by the Levin vehicle, which was propelled into his

vehicle when the Levin vehicle was struck in the rear by the Cacciamanis' vehicle. The Supreme Court denied the motion.

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway" (Vehicle and Traffic Law § 1129 [a]; *see Billis v Tunjian*, 120 AD3d 1168 [2014]; *Sehgal v www.*nyairportsbus.com, Inc., 100 AD3d 860, 860 [2012]; *Napolitano v Galletta*, 85 AD3d 881, 882 [2011]). Hence, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (*see Raimondo v Plunkitt*, 102 AD3d 851, 852 [2013]; *Kertesz v Jason Transp. Corp.*, 102 AD3d 658, 658 [2013]; *Perez v Roberts*, 91 AD3d 620, 621 [2012]). "A nonnegligent explanation includes, but is not limited to, 'sudden or unavoidable circumstances' " (*D'Agostino v YRC, Inc.*, 120 AD3d 1291, 1292 [2014], quoting *Gambino v City of New York*, 205 AD2d 583, 583 [1994]).

Here, the plaintiff established his entitlement to judgment as a matter of law by demonstrating that his vehicle was slowing down for a red traffic light when it was struck in the rear by the Levin vehicle, which had been propelled into the plaintiff's vehicle when, due to the alleged negligence of Eric David Cacciamani, the Cacciamanis' vehicle struck the rear of the Levin vehicle (*see Strickland v Tirino*, 99 AD3d 888, 890 [2012]). In opposition, however, the Cacciamanis submitted evidence that contradicted the plaintiff's version of the accident, raising triable issues of fact as to whether Eric David Cacciamani had a nonnegligent explanation for the collision and whether the plaintiff was comparatively at fault in the happening of the accident (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Denezzo v Joseph*, 95 AD3d 1060, 1060-1061 [2012]).

Accordingly, the Supreme Court correctly denied the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against the Cacciamanis. Skelos, J.P., Dickerson, Austin and Maltese, JJ., concur.