■ MADILINE R. McLAUGHLIN, Respondent, v KEVIN P. LUNN et al., Appellants. [26 NYS3d 338]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (K. Murphy, J.), entered December 30, 2014, which granted the plaintiff's motion for summary judgment on the issue of liability and denied, as academic, their cross motion for leave to amend their answer to assert the emergency doctrine as an additional affirmative defense.

Ordered that the order is affirmed, with costs.

A plaintiff in a personal injury action who moves for summary judgment on the issue of liability has the burden of establishing, prima facie, both that the defendant was negligent and that he or she was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Matos v Tai*, 124 AD3d 848 [2015]; *France Herly Bien-Aime v Clare*, 124 AD3d 814, 814 [2015]). Further, "[w]hen the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his [or her] vehicle, and to exercise reasonable care to avoid colliding with the other vehicle" (*Gaeta v Carter*, 6 AD3d 576, 576 [2004]; *see* Vehicle and Traffic Law § 1129 [a]; *Williams v Spencer-Hall*, 113 AD3d 759, 759-760 [2014]; *Sayyed v Murray*, 109 AD3d 464 [2013]; *Taing v Drewery*, 100 AD3d 740, 741 [2012]; *Strickland v Tirino*, 99 AD3d 888 [2012]; *Scheker v Brown*, 85 AD3d 1007 [2011]; *Power v Hupart*, 260 AD2d 458 [1999]). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (*see Tutrani v County of Suffolk*, 10 NY3d 906 [2008]; *Drakh v Levin*, 123 AD3d 1084 [2014]; *Hauswirth v Transcare N.Y., Inc.*, 97 AD3d 792, 794 [2012]; *Napolitano v Galletta*, 85 AD3d 881 [2011]). "A nonnegligent explanation includes, but is not limited to, 'sudden or unavoidable circumstances' " (*D'Agostino v YRC, Inc.*, 120 AD3d 1291, 1292 [2014], quoting *Gambino v City of New York*, 205 AD2d 583, 583 [1994]; *see Drakh v Levin*, 123 AD3d at 1084).

Here, the plaintiff established her prima facie entitlement to judgment as a matter of law. The plaintiff demonstrated, via her affidavit, that while completely stopped behind three other vehicles for 5 to 10 seconds at a red light at an intersection, her vehicle was hit in the rear by the defendants' vehicle. This evidence alone was sufficient to establish a prima facie case of negligence with respect to the operator of the defendants' vehicle, the defendant Kevin P. Lunn, and to establish, prima facie, that the plaintiff was not negligent in the happening of the subject accident (*see Billis v Tunjian*, 120 AD3d 1168, 1169 [2014]; *Moore v Singh*, 108 AD3d 602, 603 [2013]; *Nozine v Anurag*, 38 AD3d 631, 632 [2007]). In opposition to that prima facie showing, the defendants failed to raise a triable issue of fact as to whether there was a nonnegligent explanation for the happening of the accident, or whether the emergency doctrine applied to this case (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability and denied the defendants' cross motion for leave to amend their answer to assert the emergency doctrine as an additional affirmative defense. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.