Morgan v Flippen (2019 NY Slip Op 04377)





Morgan v Flippen


2019 NY Slip Op 04377


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-09088
 (Index No. 8578/16)

[*1]Ainsworth Morgan, et al., appellants,
v
Gary Flippen, et al., respondents.


Michael R. Franzese (Jason Levine, New York, NY, of counsel), for appellants.
Margaret G. Klein & Associates (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Jennifer B. Ettenger], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated May 7, 2018. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.
The plaintiff Ainsworth Morgan (hereinafter the injured plaintiff) allegedly was injured when the vehicle he was driving was struck in the rear by a vehicle operated by the defendant Gary Flippen and owned by the defendant Apartment Management Associates, LLC. The injured plaintiff, and his wife suing derivatively, commenced this personal injury action against the defendants. The plaintiffs moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiffs appeal.
"[A] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence" (Lopez v Dobbins, 164 AD3d 776, 777; see Arslan v Costello, 164 AD3d 1408, 1409). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability, as the evidence submitted in support of their motion demonstrated that the injured plaintiff's vehicle was stopped when it was struck in the rear by the defendants' vehicle (see Sayyed v Murray, 109 AD3d 464; Briceno v Milbry, 16 AD3d 448; see also Rodriguez v City of New York, 31 NY3d 312; Arslan v Costello, 164 AD3d 1408; Lopez v Dobbins, 164 AD3d 776). In opposition, the defendants failed to raise a triable issue of fact. The defendants' contention that Flippen applied his brakes but was unable to stop because his vehicle skidded on a wet metal grating on the roadway was insufficient to rebut the inference of negligence arising from the rear-end collision because they failed to demonstrate that Flippen's skid on known road conditions was unavoidable (see Tumminello v City of New York, 148 AD3d 1084, 1085; Sayyed v Murray, 109 AD3d at 464).
Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability.
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court