Rosenblum v Schloss (2019 NY Slip Op 06525)





Rosenblum v Schloss


2019 NY Slip Op 06525


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-09024
 (Index No. 600710/15)

[*1]Jeffrey M. Rosenblum, et al., appellants,
v
Roni J. Schloss, et al., respondents.


Stephen P. Haber, White Plains, NY, for appellants.
Andrea G. Sawyers, Melville, NY (Jennifer M. Belk of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered July 26, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Jeffrey M. Rosenblum did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied the plaintiffs' cross motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, and the plaintiffs' cross motion for summary judgment on the issue of liability is granted.
The plaintiff Jeffrey M. Rosenblum (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action to recover damages for personal injuries the injured plaintiff allegedly sustained when a vehicle he was driving was struck in the rear while stopped at a red light by a vehicle owned by the defendant Steven J. Schloss and driven by the defendant Roni J. Schloss. The defendants moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The plaintiffs opposed the defendants' motion and cross-moved for summary judgment on the issue of liability. By order entered July 26, 2017, the Supreme Court granted the defendants' motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
The defendants failed to meet their prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendants failed to adequately address the injured plaintiff's contention, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Gentry v Mean, 166 AD3d 583; Espinal v Shortis, 164 AD3d 1217; Alperin v Herwerth, 162 AD3d 832, 833; Reynolds v Wai Sang Leung, 78 AD3d 919, 920). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted in opposition were sufficient to raise a triable issue of fact (see Alperin v Herwerth, 162 AD3d at 833; Hughes v Cai, 31 AD3d 385, 385-386).
"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (Zdenek v Safety Consultants, Inc., 63 AD3d 918, 918; see Robayo v Aghaabdul, 109 AD3d 892; Jumandeo v Franks, 56 AD3d 614; Arias v Rosario, 52 AD3d 551, 552; Hakakian v McCabe, 38 AD3d 493). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability through the injured plaintiff's deposition testimony that his vehicle was stopped at a red light when it was struck in the rear by the defendants' vehicle (see Sayyed v Murray, 109 AD3d 464, 465). The defendants did not raise a triable issue of fact in response.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for summary judgment on the issue of liability.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court