Owens v Edwards (2024 NY Slip Op 50028(U))

[*1]

Owens v Edwards

2024 NY Slip Op 50028(U)

Decided on January 13, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 13, 2024
Supreme Court, Kings County

Ryan A. Owens, Plaintiffs,

against
De Vaughn D. Edwards, EAN HOLDINGS, LLC, GABRIEL JUNIOR ALMONTE and RICHMOND COUNTY 
 AMBULANCE SERVICE, INC., Defendants.

Index No. 523240/2022

Carman, Callahan & Ingham, LLP, Farmingdale (William Healy of counsel), for Defendant De Vaughn D. Edwards.
Peknic, Peknic & Schaefer, LLC, Long Beach (Catherine Papandrew of counsel), for Defendant EAN Holdings, LLC.

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Document Numbers 40-60.
Upon the foregoing papers, and having heard oral argument and due deliberation having [*2]been had [FN1]
,
It is hereby ORDERED as follows:
The parties filed a stipulation to adjourn the present oral argument (see NYSCEF Doc Nos. 59-60). This was raised at oral argument. Such stipulation is hereby DENIED due to lateness and insufficient content pursuant to this Part's rules. "There is no automatic right to a stipulated adjournment of a motion: "Stipulations of adjournment of the return date made by the parties shall be in writing and shall be submitted to the assigned judge. Such stipulation shall be effective unless the court otherwise directs" (Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058, *3[U] [Sup Ct, Kings County 2023] (quoting 22 NYCRR 202.8 [d]). "Courts possess the authority to enforce their rules" (id.). This Part's Rules clearly indicate that any stipulations to adjourn are to be filed three days in advance of oral argument and, further, set forth the information to be included in such stipulation (New York State Unified Court System, Hon. Aaron D. Maslow: Part 2 Rules, Part I, Subpart D, 
https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml). The parties have failed to comply with these Rules provisions. Accordingly, the stipulation to adjourn is DENIED.
Defendant Edwards' motion for summary judgment (Motion Seq. No. 2) is hereby GRANTED; Defendant EAN Holdings' cross-motion also seeking summary judgment (Motion Seq. No. 3) is hereby DENIED.
"The Workers' Compensation Law expressly provides that an employee's eligibility to collect workers' compensation benefits is the employee's exclusive remedy against an employer for job-related injuries" (Dumervil v Port Auth. of New York & New Jersey, 163 AD3d 628, 629 [2d Dept 2018]). "Under the Workers' Compensation Law, an employee's recovery of workers' compensation benefits is his or her exclusive remedy against his or her employer or coworkers for injuries sustained in the course of his or her employment" (Zielinski v New Jersey Tr. Corp., 170 AD3d 927, 928 [2d Dept 2019]). "[A] defendant, to have the protection of the exclusivity provision, must himself have been acting within the scope of his employment and not have been engaged in a willful or intentional tort" (Maines v Cronomer Val. Fire Dept., Inc., 50 NY2d 535, 543 [1980]). Here, Defendant Edwards clearly establishes that Defendant Edwards and Plaintiff were acting within the scope of their employment at the time of the accident. Defendant Edwards notes that it was Defendant Edwards and Plaintiff's job to transport patients from one location to another and that Defendant Edwards and Plaintiff had completed transporting one patient and had begun transporting another at the time of the accident. Plaintiff has failed to establish a triable issue of fact as to whether any willful or intentional tort by Defendant Edwards caused, or contributed to, the subject accident. Thus, Defendant Edwards has established an unrebutted prima facie case for summary judgment. Defendant Edwards' motion to dismiss all claims, cross-claims, and causes of action is thereby GRANTED.
As to Defendant EAN Holdings' claim for summary judgment, the Court deems such to be unconvincing. While it is undeniable that that the Court of Appeals has held that the owner of a leased vehicle cannot be held vicariously liable where no liability can be imputed to the driver [*3](see Kenny v Bacolo, 61 NY2d 642 [1983]), the Second Department has held that a vehicle leasing company "cannot obtain the benefits of the Workers' Compensation defense and may be liable for its negligent acts or omissions in connection with maintenance of the leased vehicle" (Samba v Delligard, 116 AD2d 563 [2d Dept 1986]). Here, EAN Holdings flatly notes that EAN Holdings "adopts, reiterates, and restates all arguments of law and fact set forth in Defendant DE VAUGHN D. EDWARDS's Motion for the purposes of this Cross Motion only" (NYSCEF Doc. No. 56). EAN Holdings fails to establish that EAN Holdings is only alleged to be vicariously liable to the Plaintiff. In fact, EAN Holdings fails to make reference to any matters pertaining to the maintenance of the vehicle or any negligence on EAN Holdings' part. Meanwhile, Defendant Edwards' filings also make no reference to the condition of the vehicle, EAN Holdings, or EAN Holdings' involvement in the matter other than to note that the vehicle was leased. Accordingly, EAN Holdings has failed to establish a prima facie case to justify entitlement to summary judgment. Thus, EAN Holdings' cross-motion for summary judgment to dismiss all claims, cross-claims, and causes of action is DENIED.
Defendant EAN Holding's raised an additional argument pursuant to the Graves Amendment during oral argument.Various courts have held that arguments should not be considered when the opposing party has not had sufficient opportunity to respond. (see Arriola v City of New York, 128 AD3d 747 [2d Dept 2015]; Shaw v Bluepers Family Billiards, 94 AD3d 858 [2d Dept 2012]; Schultz v 400 Co-op. Corp., 292 AD2d 16 [1st Dept 2002]; Ritt by Ritt v Lenox Hill Hosp., 182 AD2d 560 [1st Dept 1992]; Citimortgage, Inc. v Bunger, 58 Misc 3d 333 [Sup Ct, Suffolk County 2017]; Salva v Levtne, 2014 NY Slip Op. 33182[U] [Sup Ct, NY County 2014]). Defendant EAN Holdings had ample opportunity to raise their arguments regarding the application of the Graves Amendment in EAN Holdings' cross-motion for summary judgment; however, EAN Holdings chose not to do so. Rather, EAN Holdings flatly noted that EAN Holdings "adopts, reiterates, and restates all arguments of law and fact set forth in Defendant DE VAUGHN D. EDWARDS's Motion for the purposes of this Cross Motion only" (NYSCEF Doc. No. 56). Their failure to raise such argument prior to appearing before this Court prejudices the non-moving party and/or any opposing parties as they were not given notice to prepare. Thus, this Court will not consider Defendant EAN Holdings' arguments relying on the Graves Amendment.
E N T E R
___________________________
HON. AARON D. MASLOW
Justice of the Supreme Court

Footnotes

Footnote 1: Counsel are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).