Ji Hae Byun v Perez (2024 NY Slip Op 51124(U))

[*1]

Ji Hae Byun v Perez

2024 NY Slip Op 51124(U)

Decided on August 29, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 29, 2024
Supreme Court, Kings County

Ji Hae Byun, Plaintiff,

against
Jonathan Edwin Perez and ROBERTO RIVERA, Defendants.

Index No. 512079/2023

Seiden & Kaufman, Carle Place, for plaintiff.
McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Jericho, for defendants.

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Document Numbers 15-28.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had [FN1]
, the within motion is determined as follows.
 Issues
There are two issues presented here: (1) Whether an attorney's stipulation for adjournment should be granted when he claims that a day prior to motion day, he had discussed the facts of the case with his client, sent his client an affidavit memorializing said facts, and never received it back, and (2) Whether Plaintiff's motion for summary judgment on the issue of liability in a rear end collision matter should be granted.

Facts
This case arises from an incident in which Plaintiff Ji Hae Byun ("Plaintiff") allegedly was struck in the rear by Defendant Jonathan Edwin Perez, who operated a vehicle owned by Defendant Roberto Rivera (collectively "Defendants") (see NYSCEF Doc No. 20 ¶ 2). On November 15, 2022, at approximately 7:10 PM, Plaintiff was the driver of his motor vehicle and was stopped at a stop sign on Morgan Avenue at or near its intersection with Beadle Street in Kings County, New York (see id.). Plaintiff was stopped for approximately three seconds when suddenly struck in the rear by Defendant Perez. As a result of the November 15, 2022 motor vehicle accident, Plaintiff allegedly sustained injuries to his left wrist and back (see id. ¶ 2). Plaintiff allegedly also missed extensive time from work as a result of the injuries caused by the accident (see id.).

 Adjournment
The instant motion by Plaintiff seeking summary judgment on liability and dismissal of Defendants' first affirmative defense (alleging Plaintiff's culpable conduct) was filed with the court on March 21, 2024 (see NYSCEF Doc No. 15). Since the parties stipulated to an adjournment, filed on May 24, 2024, Plaintiff's motion was adjourned. From May 31, 2024, it was rescheduled for oral argument on the Court's August 16, 2024 motion calendar.
On August 16, 2024, during oral argument, Defendants' counsel stated that he had discussed the facts of the case with his client driver and sent his client an affidavit memorializing the asserted facts the day before, on August 15, 2024. The affidavit from Defendant driver Perez had not yet been returned. Defendants' counsel sought an adjournment. By now, Defendants' papers in opposition had been filed, on August 8, 2024.
Plaintiff opposed Defendants' adjournment application and argued that, as a matter of law, Defendants cannot modify their opposition papers by adding affidavits or affirmations to it.
This Court has determined that Defendants' adjournment application is to be denied. The motion had been filed on March 21, 2024, and already there had been an adjournment. Additionally, the Part Clerk had sent out notice on August 8, 2024, reminding the parties that they had until Tuesday, August 13, 2024, three business days in advance of this motion being heard, to submit a request:
Any proposed stipulation of adjournment or application for adjournment to a date past August 16, 2024 (specific date to be determined by Part 2) must be uploaded onto NYSCEF and sent to the Part Clerk at mfiguero@nycourts.gov, no later than 5:00 p.m., of Tuesday, August 13, 2024. (NYSCEF Doc No. 26.)
IAS Part 2's Rules provide in pertinent part as follows with respect to adjournments:
§ 1. Standards and procedures for seeking adjournments. All adjournments are at the discretion of the Court. A request for an adjournment shall be made through a stipulation or, if consent is not received from other counsel, through an application. Stipulations of adjournment and applications for adjournment shall be submitted through NYSCEF, with a copy sent by email to the Part Clerk and the law clerks. . . . The deadline for filing such stipulations of adjournments and applications for adjournments shall be 5:00 p.m. of the third court business day prior to the scheduled motion date. (See Shmerelzon v Gravesend Mgt., Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U)] [Sup Ct, Kings County 2023].)
§ 2. Late requests for adjournments. If an application for adjournment or stipulation of [*2]adjournment has not been submitted in the foregoing manner, and counsel still wishes to apply for an adjournment, application shall be made only in person on the scheduled motion date when the motion is called. Since adjournment is at the Court's discretion, counsel shall be prepared to orally argue the motion if the adjournment application is denied. (Supreme Court, Kings County, Hon. Aaron D. Maslow: Part 2 Rules, Part II, Subpart D, §§ 1-2, available at https://ww2.nycourts.gov/courts/2jd/kings/civil/ MaslowRules.shtml [emphasis in bold added].)
Knowing that he lacked an affirmation or affidavit from the client driver, Defendants' counsel could have sought an adjournment in writing in accordance with the Part Rules. Having failed to do so, either before the August 13, 2024 deadline or even afterwards, there having been a prior adjournment, and the motion having been reviewed in preparation for oral argument, the application made on the motion return day is denied (see Thompson v Doe, 83 Misc 3d 1246[A], 2024 NY Slip Op 50930[U] [Sup Ct, Kings County 2024]; Owens v Edwards, 81 Misc 3d 1229[A], 2024 NY Slip Op 50028[U] [Sup Ct, Kings County 2024]; Shmerelzon v Gravesend Management, Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U] [Sup Ct, Kings County 2023]; Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058[U] [Sup Ct, Kings County 2023]).

Motion for Summary Judgment
As was noted in Bonaventura v Galpin (119 AD3d 625 [2d Dept 2014]),
Summary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it "should only be employed when there is no doubt as to the absence of triable issues" (Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The function of the court on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility, but merely to determine whether such issues exist (see Guadalupe v New York City Tr. Auth., 91 AD3d 716 [2012]; Kolivas v Kirchoff, 14 AD3d 493 [2005]). Moreover, in determining a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmoving party (see Pearson v Dix McBride, LLC, 63 AD3d 895 [2009]).
"A plaintiff in a personal injury action who moves for summary judgment on the issue of liability has the burden of establishing, prima facie, . . . that the defendant was negligent. . ." (McLaughlin v Lunn, 137 AD3d 757, 757 [2d Dept 2016]). "Although a plaintiff need not demonstrate the absence of his or her own comparative negligence to be entitled to partial summary judgment as to a defendant's liability (see Rodriguez v City of New York, 31 NY3d 312, 324-325), the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing a defendant's affirmative defense of comparative negligence (see e.g. Jiang-Hong Chen v Heart Tr., Inc., 143 AD3d 945, 945 [2016])" (Poon v Nisanov, 162 AD3d 804, 808 [2d Dept 2018]).
"A driver approaching from the rear has an obligation to maintain a reasonably safe distance and speed to avoid colliding with another vehicle" (see Vehicle and Traffic Law Section 1129 [a]; Perez v Persad, 183 AD3d 771 [2d Dept 2020]); see also Nsiah-Ababio v Hunter, 78 AD3d 672 [2d Dept 2010]). Thus, a plaintiff establishes his prima facie entitlement through his affidavit which states that he was the operator of a vehicle which was stopped when it was hit in the rear by another vehicle (see Whaley v Carvana NY City, 219 AD3d 1561 [2d Dept 2023])." [*3](Henry v Murray, 83 Misc 3d 1235[A], 2024 NY Slip Op 50864[U], *2 [Sup Ct, Kings County 2024].)
A "rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (Scheker v Brown, 85 AD3d 1007, 1007 [2d Dept 2011]).
Through his affidavit, Plaintiff has proven that Defendants' vehicle rear-ended Plaintiff's vehicle (see NYSCEF Doc No. 20). Therefore, the burden shifted to Defendants to provide a non-negligent excuse for Defendant Jonathan Edwin Perez's conduct. "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence" (McLaughlin, 137 AD3d at 757). "A nonnegligent explanation includes, but is not limited to, 'sudden or unavoidable circumstances' " (id.). "Although a sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision, vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, 'must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead' " (Quintanilla v Mark, 210 AD3d 713, 714 [2d Dept 2022]). In Quintanilla, which applies here as well, "the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of [plaintiff's] affidavit, in which he averred that his vehicle was stopped due to traffic when it was struck in the rear" (id.). Similarly, Plaintiff submitted an affidavit in which, under oath, he explained the facts of the collision (see NYSCEF Doc No. 20).
Applying the foregoing law to Plaintiff's motion for summary judgment in the present case, this Court finds that Plaintiff established a prima facie case of entitlement to judgment.

Premature Motion
Defendant's counsel's affirmation in opposition argued that Plaintiff's motion was premature since relevant discovery has not been made available to Defendants and should be denied on that ground alone (see NYSCEF Doc No. 24 ¶¶ 3-10). Counsel cited CPLR 3212 (f), which provides, "Should it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such other order as may be just." However, Defendants did not submit or point to evidence that could reasonably be expected to change the outcome of this motion if discovery on liability were to continue, as argued by Plaintiff in the reply affirmation (see NYSCEF Doc No. 28 ¶ 8).
Regarding Defendant's argument that Plaintiff's motion is premature, "[W]hile a party is entitled to a reasonable opportunity to conduct discovery in advance of a summary judgment determination, '[a] party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant.' " (Quintanilla, 210 AD3d at 714). For example, in Skura v Wojtlowski (165 AD3d 1196 [2d Dept 2018]), it was held, "Here, the plaintiff did not satisfy her burden of demonstrating that the Lehman defendants' cross motion for summary judgment was premature, since "[t]he mere hope or speculation that evidence sufficient to defeat the motion might be uncovered during discovery [*4]is an insufficient basis for denying the motion" (id. at 1200).
Depositions are not needed in a personal injury action arising out of a motor vehicle accident where opponents of the summary judgment motion have personal knowledge of the facts and fail to meet their obligation of laying bare their proof and presenting evidence sufficient to raise a triable issue of fact (see Avant v Cepin Livery Corp., 74 AD3d 533 [1st Dept 2020]). Obviously in a two-vehicle accident, the persons who would be able to provide testimony on a summary judgment motion are the two drivers. If one of them moves for summary judgment on liability against the other, then the latter driver must submit his or her version of what occurred. The conclusory excuse for not doing so that there needs to be discovery, i.e., a deposition of the movant, is meritless. An explanation for not submitting an affidavit or affirmation is due. That is what is lacking from Defendants here.
In the instant case, Plaintiff set forth his prima facie case by establishing that he was suddenly rear-ended by Defendants' vehicle. Similarly, in McLaughlin, "the plaintiff established her prima facie entitlement to judgment as a matter of law. The plaintiff demonstrated, via her affidavit, that while completely stopped behind three other vehicles for 5 to 10 seconds at a red light at an intersection, her vehicle was hit in the rear by the defendants' vehicle. This evidence alone was sufficient to establish a prima facie case of negligence with respect to the operator of the defendants' vehicle, the defendant Kevin P. Lunn, and to establish, prima facie, that the plaintiff was not negligent in the happening of the subject accident. . . ." (McLaughlin, 137 AD3d at 758.) In McLaughlin when "the defendants failed to raise a triable issue of fact as to whether there was a nonnegligent explanation. . . ," the Appellate Division, Second Department, held that the Supreme Court "properly granted the plaintiff's motion for summary judgment on the issue of liability. . ." (id.).
Not only did Defendants not offer a nonnegligent excuse for Defendant Jonathan Edwin Perez's conduct, they failed to explain in their opposition papers why none was submitted. Since there was a lack of evidence in opposition to Plaintiff's motion and since no triable issue of fact exists, Plaintiff's motion for summary judgment should be granted. This includes the branch seeking summary judgment for Plaintiff on the issue of liability as well as the branch seeking to dismiss Defendants' first affirmative defense alleging Plaintiff's culpable conduct.

Conclusion
Accordingly, IT IS HEREBY ORDERED as follows:
(1) Defendant's application for an adjournment is DENIED.
(2) Plaintiff's motion for summary judgment is GRANTED. The issue of liability is determined in Plaintiff's favor, i.e., Defendants are found 100% liable for occurrence of the subject motor vehicle accident, and Defendants' first affirmative defense, alleging culpable conduct on the part of Plaintiff, is dismissed.
(3) Discovery shall proceed in accordance with Court orders.
(4) Per the Court's case management database, a preliminary conference is scheduled for November 19, 2024, in the Intake Part.
(5) At trial, the only issue to be determined is how much damages Plaintiff should be awarded.
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:. Counsel are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).